# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1768V
UNPUBLISHED

| | |
|---|---|
| KIMBERLY NEIGHBORS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 9, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Abscess |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Meghan Murphy, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 4, 2020, Kimberly Neighbors filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), and on April 13, 2022, she filed an amended petition. Petitioner alleges that she suffered an abscess that was caused in fact by the influenza ("flu") vaccine she received in her left shoulder on October 16, 2019. Amended Petition at 1. Petitioner further alleges she received the vaccine in the United States, her abscess and sequelae persisted for more than six months, and neither Petitioner nor any other party has ever filed any action, or received compensation in the form of an award or settlement, for her vaccine-related injury. Amended Petition at ¶¶ 2, 9-11. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 22, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for abscess. On August 8, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $25,000.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $25,000.00 (in pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KIMBERLY NEIGHBORS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 20-1768V <br> Chief Special Master Corcoran <br> ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 4, 2020, Kimberly Neighbors ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccination on October 16, 2019.  *See* Petition at Preamble.  On March 18, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, as petitioner sustained an abscess that was caused in-fact by the flu vaccine she received on October 16, 2019.  ECF No. 23.  On April 13, 2022, petitioner filed an amended petition, alleging that she suffered from an abscess caused by her flu vaccination on October 16, 2019.  *See* ECF No. 25 (Amended Petition).  On April 22, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 26.

I.  **Items of Compensation**

    A.  <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $25,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $25,000.00, in the form of a check payable to petitioner.

III.  **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Kimberly Neighbors:  **$25,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

2

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ *Meghan R. Murphy*
MEGHAN R. MURPHY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-4264
meghan.r.murphy@usdoj.gov

DATED:  August 8, 2022